**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GUIPING ZHANG,
and
SHENZHEN ANRU ELECTRONICS CO., LTD.

Plaintiffs,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:25-13429

## **COMPLAINT**

Plaintiffs, GUIPING ZHANG ("ZHANG") and SHENZHEN ANRU ELECTRONICS CO., LTD. ("ANRU") (collectively, "Plaintiffs"), by their undersigned counsel, bring this action against the Partnerships and Unincorporated Associations identified on Schedule A ("Defendants") and allege as follows:

### **JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a)-(b).

2. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendants conduct business in this District.

3. This Court has personal jurisdiction over Defendants because each Defendant targets U.S. consumers, including Illinois residents, by operating fully interactive commercial online stores through which Illinois residents can purchase products embodying the Copyrighted Work. At least one Defendant made at least one sale of an infringing product to an address in the

1

Northern District of Illinois, thereby purposefully availing themselves of this forum.

4. Defendants have intentionally directed commercial activities toward Illinois by offering for sale and selling infringing products to Illinois residents, including by providing shipping to Illinois, accepting payment in U.S. dollars, and completing sales to Illinois addresses.

5. Each Defendant has committed acts of copyright infringement and caused injury to Plaintiffs in Illinois and in this District.

6. In the alternative, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiffs' claims arise under federal copyright law, Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Constitution and laws of the United States.

7. Upon information and belief, Defendants reside in foreign jurisdictions, primarily the People's Republic of China, operate anonymous online marketplace accounts, and utilize foreign financial accounts to receive and rapidly transfer funds, making it difficult to enforce U.S. judgment remedies and necessitating immediate injunctive relief, including asset restraints, to prevent irreparable harm.

## INTRODUCTION

8. ZHANG is the author and original designer of a three-dimensional inflatable costume depicting a stylized axolotl character (the "ZHANG Work"). The ZHANG Work was created in 2023 and is registered with the U.S. Copyright Office under Registration No. VA 2-339-083, identifying ZHANG as the author. A true and correct copy of the registration certificate is attached as **Exhibit 1**.

9. In connection with Plaintiffs' coordinated efforts to design, develop, and commercialize inflatable costume products, a related axolotl inflatable costume design was also independently registered with the U.S. Copyright Office under Registration No. VAu 1-519-648 (the "ANRU Work"), identifying SHENZHEN ANRU ELECTRONICS CO., LTD. ("ANRU")

2

as the author. A true and correct copy of the registration certificate is attached as **Exhibit 2**. Both registrations predate Defendants' infringing conduct.

10. This action has been filed by Plaintiffs to combat online copyright infringers who trade upon the value and popularity of the Plaintiffs' copyrighted axolotl costume designs by selling and/or offering for sale products embodying unauthorized copies of the ZHANG Work and the ANRU Work..

11. In an effort to unlawfully profit from the protected works, Defendants have created and operated numerous counterfeit online storefronts offering products embodying unauthorized copies of Plaintiffs' copyrighted works, and designed those storefronts to appear legitimate to consumers.

12. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same series of transactions or occurrences. Defendants conceal their identities, utilize false addresses and foreign financial accounts, and rapidly transfer assets to evade enforcement. Plaintiffs have been and continue to be irreparably harmed through loss of control over the copyrighted works, damage to goodwill, consumer confusion, and the inability to license and control the quality of products in the marketplace. Plaintiffs seek injunctive and monetary relief.

## THE PLAINTIFFS

13. ZHANG is a 3-D character costume designer who specializes in developing distinctive inflatable costume concepts and characters. ZHANG invested substantial time, creative effort, and artistic judgment in designing the axolotl inflatable costume reflected in the ZHANG Work. ZHANG's creative contributions include concept development, character aesthetics, and artistic refinement.

14. ANRU works with ZHANG in connection with the design, development, commercialization, and protection of inflatable costume products. As part of these business activities, a related axolotl inflatable costume design was created and registered as the ANRU Work. ANRU has devoted significant resources to developing, producing, promoting, and distributing inflatable costume designs consistent with Plaintiffs' coordinated creative and commercial efforts.

15. Plaintiffs have invested substantial time, effort, creative skill, and financial resources in developing and commercializing their inflatable costume designs. The Zhang Work and the ANRU Work have been widely disseminated online and in the marketplace, and have achieved significant consumer exposure and recognition.

16. Plaintiffs maintain control over the quality, distribution, and authorized use of the Zhang Work and the ANRU Work, and have made substantial efforts to build goodwill and consumer association with their original designs.

17. Plaintiffs have taken steps to protect their interests in the Zhang Work and the ANRU Work. No person or entity other than Plaintiffs or their authorized licensees is permitted to manufacture, import, export, advertise, offer for sale, sell, or otherwise distribute products embodying either work without Plaintiffs' express authorization.

**THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT**

18. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through fully interactive commercial online stores operating under the Defendant Internet Stores. Each Defendant targets U.S. consumers, including Illinois residents, by advertising, offering to sell, and selling products that embody unauthorized copies of the ZHANG Work and/or the ANRU Work to consumers in this District.

19. The true identities of Defendants are unknown to Plaintiffs. Defendants conceal

their identities through the use of aliases, unregistered business names, false contact information, and offshore fulfillment and payment-processing channels. Defendants operate anonymously and deliberately frustrate enforcement by avoiding traditional means of identification and service. Plaintiffs will amend this Complaint when Defendants' true identities are ascertained.

20. Upon information and belief, Defendants have created and operated numerous online marketplace storefronts to offer and sell counterfeit and unauthorized copies of Plaintiffs' copyrighted works. Defendants design and present their storefronts to appear legitimate to consumers, thereby misleading purchasers into believing they are purchasing authorized products.

21. Defendants utilize online marketplace platforms and foreign financial accounts, including payment services such as PayPal, Alipay, and other third-party processors, to receive and rapidly transfer funds outside the United States. Such practices enable Defendants to hide assets, making it difficult, if not impossible, for Plaintiffs to obtain monetary relief absent immediate injunctive relief.

22. Defendants' conduct has caused, and will continue to cause, irreparable harm to Plaintiffs, including loss of control over their copyrighted works, loss of consumer goodwill, and loss of ability to license and control the quality of products bearing their designs.

23. To prevent Defendants from concealing or transferring assets beyond this Court's reach upon receiving notice of this action, Plaintiffs seek leave to file Schedule A to this Complaint under seal and request immediate temporary restraining order relief, including an asset restraint and expedited discovery.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Plaintiffs repeat and incorporate by reference the allegations contained in the above paragraphs as though fully set forth herein.

25. The ZHANG Work and the ANRU Work are original works of authorship and constitute copyrightable subject matter under 17 U.S.C. § 101 et seq.

26. At all relevant times, Plaintiffs have held and asserted exclusive rights in the ZHANG Work and the ANRU Work, including but not limited to the right to reproduce and distribute the works pursuant to the Copyright Act. Each work is the subject of a valid copyright registration issued by the Register of Copyrights.

27. Defendants, without authorization from Plaintiffs, have manufactured, imported, advertised, offered for sale, and sold products embodying copies and/or derivative works of the Zhang Work and/or the Anru Work. Defendants' acts constitute copyright infringement in violation of 17 U.S.C. § 501 et seq. Defendants' infringement is willful, intentional, and undertaken with knowledge of Plaintiffs' rights.

28. As a result of Defendants' infringement, Plaintiffs are entitled to relief pursuant to 17 U.S.C. § 504, including statutory damages or actual damages, and Plaintiffs' attorneys' fees and costs pursuant to 17 U.S.C. § 505.

29. Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiffs that cannot be fully compensated by monetary damages. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting further infringement and requiring Defendants to destroy all unauthorized copies and infringing articles.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained, including through a temporary restraining order, from:

   a. Using, reproducing, copying, displaying, advertising, marketing, offering for sale, or selling any products embodying or derived from the ZHANG Work and/or the ANRU Work;

   b. Manufacturing, importing, reproducing, distributing, advertising, promoting, selling, or offering to sell any unauthorized copies or derivative works of the ZHANG Work and/or the ANRU Work;

   c. Further infringing the ZHANG Work and/or the ANRU Work in any manner;

   d. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of products not authorized by Plaintiffs and that embody or derive from the ZHANG Work and/or the ANRU Work;

   e. Using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores or any other online marketplace accounts used to infringe the Zhang Work and/or the Anru Work;

   f. Transferring, withdrawing, or otherwise disposing of assets received from the sale of unauthorized products, including those held by third-party payment processors, pending further order of this Court.

2) For Judgment in favor of Plaintiffs against Defendants that they have: a) Willfully infringed Plaintiffs' rights in the ZHANG Work and/or the ANRU Work pursuant to 17 U.S.C. § 501; and b) Otherwise harmed Plaintiffs' ability to control and license their copyrighted works;

3) For an award of actual damages or statutory damages pursuant to 17 U.S.C. § 504, at Plaintiffs' election, in an amount to be determined at trial;

4) That Plaintiffs be awarded Plaintiffs' reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

5) For an order authorizing expedited discovery to identify Defendants and financial accounts, and for such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

DATED: November 3, 2025

Respectfully submitted,

*/s/ Qin Zhuang*
Qin Zhuang
Building 2, Unit 1, Room 507
5 Chaoyang Road, Chaoyang
Beijing, PRC 100022
0086-155-1009-0593
zhuangqin@yuntinglaw.com
***Counsel for Plaintiff***